IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RICKEY NELSON BOLES,

        Petitioner,

    v.

MARK NOOTH,

        Respondent.

Civil No. 07-1535-ST

FINDINGS AND RECOMMENDATION

    Amy Baggio
    Assistant Federal Public Defender
    101 S.W. Main Street, Suite 1700
    Portland, Oregon 97204

        Attorney for Petitioner

    John R. Kroger
    Attorney General
    Summer R. Gleason
    Assistant Attorney General
    Department of Justice
    1162 Court Street NE
    Salem, Oregon 97310

        Attorneys for Respondent

///

    1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 in which he seeks to challenge the legality of his underlying state sentence. For the reasons which follow, the Petition for Writ of Habeas Corpus (docket #2) should be denied.

## BACKGROUND

On April 30, 2002, the Lane County Grand Jury indicted petitioner on 16 counts of Using a Child in a Display of Sexually Explicit Conduct, 16 counts of Encouraging Child Sexual Abuse in the Second Degree, three counts of Delivery of a Controlled Substance to a Minor, a single count of Furnishing Alcohol to a Person Under 21 years of Age, and a single count of Felon in Possession of a Firearm. Respondent's Exhibit 102.

Petitioner opted to plead guilty to seven counts of Encouraging Child Sexual Abuse in the Second Degree, three counts of Delivery of a Controlled substance to a Minor, and one count of Felon in Possession of a Firearm. Respondent's Exhibits 103 & 104. The remainder of the charges were dropped, and the trial court sentenced petitioner to consecutive sentences totaling 216 months of imprisonment. Respondent's Exhibit 105, pp. 16-17.

Petitioner took a direct appeal, but the Oregon Court of Appeals dismissed the appeal on the State's motion, and the Oregon Supreme Court denied review. Respondent's Exhibits 108, 110.

2 - FINDINGS AND RECOMMENDATION

Petitioner next filed for post-conviction relief ("PCR") in Malheur County where the PCR trial court denied relief. Respondent's Exhibit 166. The Oregon Court of Appeals affirmed the lower court without opinion, and the Oregon Supreme Court denied review. *Boles v. Hill*, 211 Or. App. 435, 155 P.3d 891, *rev. denied*, 343 Or. 115, 162 P.3d 988 (2007).

Petitioner filed this federal habeas corpus case on October 11, 2007. Petitioner has withdrawn three of his four claims, electing to pursue only his claim that trial counsel was constitutionally ineffective when he failed to object to the judge's imposition of consecutive sentences where the facts necessary to support the imposition of the consecutive sentences should have been proven to a jury beyond a reasonable doubt, not determined by the trial judge.

## **FINDINGS**

### I. **Standard of Review**

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner

3 - FINDINGS AND RECOMMENDATION

bears the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent."  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case."  *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous.  *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

## II.  Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that his lawyer's performance fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 686-687 (1984).  He must also show that his lawyer's performance prejudiced the defense.  The appropriate test for prejudice is whether the defendant can show "that there is

4 - FINDINGS AND RECOMMENDATION

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694.

In *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Petitioner's ineffective assistance of counsel claim is based on an Oregon Supreme Court decision issued well after his sentencing in which the Court extended *Apprendi's* holding to the imposition of consecutive sentences within the State of Oregon. Specifically, the Oregon Supreme Court determined that the imposition of consecutive sentences increased "the quantum of punishment" imposed; therefore, the facts underlying the imposition of consecutive sentences must be proven to a jury beyond a reasonable doubt in order to satisfy a criminal defendant's Sixth Amendment right to trial by jury. *State v. Ice*, 343 Or. 248, 264-65, 170 P.3d 1049, 1058-59 (2007).

After petitioner filed his supporting memorandum in this case, the United States Supreme Court reversed the Oregon Supreme Court's decision in *Ice* and held that the Sixth Amendment does not prohibit judges from finding the facts necessary to impose consecutive sentences. *Oregon v. Ice*, 129 S.Ct. 711 (2009). As such, counsel was under no duty to object to the imposition of consecutive

5 - FINDINGS AND RECOMMENDATION

sentences in petitioner's case, and his ineffective assistance of counsel claim must fail.

### **RECOMMENDATION**

Based on the foregoing, the Petition for Writ of Habeas Corpus (docket #2) should be DENIED, and a judgment should be entered dismissing this case with prejudice.

### **SCHEDULING ORDER**

Objections to these Findings and Recommendation, if any, are due May 8, 2009.  If no objections are filed, then the Findings and Recommendation will be referred to a district judge and go under advisement on that date.

If objections are filed, then the response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will be referred to a district judge and go under advisement.

DATED this <u>21st</u> day of April, 2009.

                                             s/    Janice M. Stewart
                                                    Janice M. Stewart
                                                    United States Magistrate Judge